IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                    PLAINTIFF/RESPONDENT

V.                          No. 2:13-cv-02223
                            No. 2:09-cr-20011

SHAN FIELDS                                                  DEFENDANT/PETITIONER


REPORT AND RECOMMENDATION


Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, (*ECF No.* 1) filed October 10, 2013, under 28 U.S.C. §2241. The Government filed its Response, (*ECF No.* 3) on November 5, 2013, and the Petitioner has not filed a Reply.

**I. Background**

The defendant was sentenced on December 21, 2009, to 57 months imprisonment, 3 years supervised release, and a $100 special assessment (ECF No. 18). Defendant's judgment ordered his term of imprisonment to run consecutively to any undischarged term of imprisonment being served by him in Case No. CR-92-582 from St. Francis County, Arkansas Circuit Court. (Id.).

On March 1, 2010 the Defendant was sentenced out of Sebastian County in case number 08-1166 to 96 months in ADC concurrent with his Federal Sentence. (ECF No 1-6). According to the Defendant's complaint he was paroled on 92-582 June 24, 2010 but was not taken into the custody of the USMS until August 26, 2010. (ECF No. 1, ¶13). According to the Bureau of Prisons website, the defendant is currently serving his sentence at FCI Coleman Low in Coleman, Florida which is located in the Middle Florida judicial district. (See www.bop.gov).

## II. Discussion

The Defendant's contention is that he should have been released to Federal Custody after his parole on 92-582 and, as a result of being returned to ADC following his plea in 08-1166 he will not receive the proper credit toward his federal sentence.

### A. Administrative Remedy:

With respect to defendant's issue, 18 U.S.C. § 3585(b) governs whether he is entitled to credit on his federal sentence for time he spent in custody before commencement of his federal sentence. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir.2004). In pertinent part, this statute provides:

> (b) Credit for prior custody.- -A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences- -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Bureau of Prisons ("BOP") is responsible for computing a sentence credit under 18 U.S.C. ' 3585(b). *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir.2006); *Pardue*, 363 F.3d at 699 (determination of credit for time served is properly left to the Bureau of Prisons).

If the Defendant's claim is one of failure to get proper credit under 3585 (b) he must first exhaust his administrative remedies by first presenting his claim to the Bureau of Prisons. *See*

*United States v. Iversen*, 90 F.3d 1340, 1344 (8th Cir.1996) (district court does not have authority to credit defendant for pretrial detention if claim is not first presented to BOP); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir.1993) (federal prisoners seeking jail-time credit must exhaust administrative remedies before seeking habeas corpus relief).

It appears that the Defendant made an initial application for Nunc Pro Tunc designation of his jail time credit. (ECF No. 1-3, p. 1). This was denied by the BOP on April 21, 2011(Id., p. 2) and the Defendant appears to have appealed that decision as directed to the Regional Director in Atlanta, Georgia. (Id., p. 3). There is no response to the appeal in the exhibits filed with the court and the court cannot tell if the application for credit is still pending but, regardless, the petition is in the wrong court.

B. **Jurisdiction:**

A defendant filing a 2241 petition must be in custody and must file his petition "in either the district where he is confined...or in any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000); 28 U.S.C. § 2241(c)(1)-(4).

The Defendant is confined within the Middle Florida District and that is the proper jurisdiction.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **TRANSFERRED TO THE MIDDLE DISTRICT of FLORIDA.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The**

**parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated November 21, 2013

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE